UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
     LAURA M. JONES              )          Case No. 09-14499-BFK
                                )          Chapter 13
         Debtor           )

## <u>MEMORANDUM OPINION</u>

This matter came before the Court on the Debtor's Motion (Docket No. 72) to hold

Capital One Bank, N.A., in contempt for its alleged violation of this Court's Order confirming

the Debtor's Amended Chapter 13 Plan, and Capital One's Opposition thereto (Docket No. 122).

The Court heard evidence on the Motion on September 8, 2011. For the reasons stated below,

the Motion will be denied.

### Jurisdiction

The Court first addresses the question of jurisdiction. The Court finds that this is a core

proceeding under 28 U.S.C. § 157(b), in that the Debtor is seeking a remedy for the alleged

violation of the Order confirming her Amended Plan. As the Supreme Court held in *Travelers*

*Indemnity Company v. Bailey,* 129 S.Ct. 2195 (2009), Bankruptcy Courts plainly have

jurisdiction to interpret and enforce their own prior orders.

Capital One argues that the Debtor has an available remedy under the Fair Credit

Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., to the exclusion of this Court's jurisdiction.

However, the fact that there may be an available alternate remedy does not divest this Court of

jurisdiction to interpret and enforce its own Orders. Further, the Court finds nothing in FCRA

that evidences a Congressional intent to make FCRA the exclusive remedy. A number of

decisions have come at the problem from the opposite direction – whether the Bankruptcy Code

displaces FCRA or the Fair Debt Collection Practices Act (FDCPA). The majority of Courts

1

have held that the Bankruptcy Code and FCRA or the FDCPA are not so irreconcilably in conflict that one displaces the other. *Randolph v. IMBS, Inc.,* 368 F.3d 726, 730 (7th Cir. 2004) ("It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other"); *Atwood v. GE Money Bank* (*In re Atwood*), 452 B.R. 249, 253 (Bankr. D.N.M. 2011) ("Enforcement of the automatic stay provisions under the Bankruptcy Code is not Plaintiff's exclusive remedy for collection activity that could also constitute a violation of the FDCPA"). *See also Torres v. Chase Bank USA, N.A.* (*In re Torres*), 367 B.R. 478 (Bankr. S.D.N.Y. 2007) (holding that the bankruptcy court lacked jurisdiction over FCRA claim, but retaining jurisdiction over claim of violation of the discharge injunction). By contrast, in *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002), the Ninth Circuit held the Bankruptcy Code to be the Debtor's exclusive remedy, to the exclusion of the FDCPA. The Court finds the *Randolph* line of cases, holding that there is not an irreconcilable conflict between the statutes, to be the better reasoned of these authorities. Accordingly, the Court finds that it has subject matter jurisdiction over the Debtor's claim.

## Positions of the Parties

The Debtor filed her voluntary petition under Chapter 13 on June 4, 2009. The Court confirmed the Debtor's Amended Chapter 13 Plan on January 15, 2010. (Docket No. 40). The Plan included the following non-standard provision in Section 11(D), which now is the subject of the Debtor's Motion:

> If a creditor reports to the consumer reporting agencies the receipt and timeliness of the payments on any debt dealt with in this plan, then the claim as altered by the confirmed plan, rather than the original loan agreement, should form the basis for the report.
>
> Plan, Sec. 11(D).

The Plan, as originally filed, called for an estimated zero percent (0%) payment to the unsecured creditors.  Plan, Sec. 4(A).  However, because the Debtor was able to refinance her home, some disposable income became available to the creditors, and the Trustee began paying a portion of the unsecured claims.  The Debtor has not yet completed her plan payments, and has not received a discharge.

Since confirmation of the Debtor's Amended Plan, Capital One has been reporting the original loan balance of $2,997 to the credit reporting agencies (CRA's), Equifax, TransUnion and Experian.  Debtor's Exhibits 4 and 9.  It is the Debtor's position that this is a violation of the Confirmation Order for two alternative reasons.  First, the Debtor maintains that Capital One's reporting of the debt violates the Consumer Data Industry Association's (CDIA's) Credit Reporting Resource Guide, as revised.  Debtor's Exhibits 2 and 3.  The Debtor argues that the Resource Guide constitutes a national standard for the reporting of debts to the CRA's.

Alternatively, the Debtor argues that Capital One is in violation of the plain language of the Confirmation Order, and therefore should be held in contempt, including an award of attorney's fees.

Capital One, on the other hand, maintains that: (a) it did not have adequate notice of the entry of the Confirmation Order, and further, the Plan does not provide clear and conspicuous notice of the Section 11(D) provision, thereby violating Bankruptcy Rule 2002(c)(3);[1] (b) the Credit Reporting Resource Guide does not constitute a national standard; and (c) in any event, the Confirmation Order does not reference, nor incorporate, the Credit Reporting Resource Guide, so Capital One cannot be held in contempt of Court for not following the Resource

---

[1] Bankruptcy Rule 2002(c)(3) provides that, "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the notice required under Rule 2002(b)(2) shall: (A) include in conspicuous language (bold, italic or underlined text) a statement that the plan proposes an injunction; (B) describe briefly the nature of the injunction; and (C) identify the entities that would be subject to the injunction."

Guide's guidance.  More specifically, on this last point, Capital One maintains that it is in

compliance with the Plan's Section 11(D) provision.  Capital One's view is that the Amended

Plan, in referencing the Claim "as altered by the confirmed plan," requires only that it update the

Current Balance as payments are received under the Plan.

**Discussion**

As the Court held above, this Court has jurisdiction pursuant to 11 U.S.C. § 1334, and the

Order of Reference of the United States District Court of this District entered August 15, 1984.

This is a core proceeding under 28 U.S.C. § 157.[2]

    *1.  Is the Resource Guide a National Standard?*

The Resource Guide provides in relevant part:

**Note:**  Report the court-determined repayment amount in the Current Balance field even
if this amount is less than the outstanding balance prior to the Bankruptcy filing.  The
remaining amount should not be reported.

Debtor's Exhibit 2.

Plan Confirmed: Current Balance = Chapter 13 plan balance.

Debtor's Exhibit 3, p. 2.

The Debtor argues that the Resource Guide is a national standard, to be enforced in all

Chapter 13 cases.  The Debtor cites the Court to one case, *In re Luedtke*, 2008 Bankr. LEXIS

2118, at *16 (Bankr. E.D. Wis. July 31, 2008), in which the Court employed a standard similar to

that of the Resource Guide.  In *Luedtke*, the Court held: "If the Credit Union is going to report on

this debt and the receipt and timeliness of payments (and the Court is not suggesting that this is

required), then the claim as altered by the confirmed plan, rather than the original loan

---

[2]  This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Bankruptcy
Rules 9014(c) and 7052.

agreement, should form the basis for the report."  It is this language that forms the basis of

Section 11(D) of the Debtor's Amended Plan, in this case.

Other than the *Luedtke* case, though, the Court is unaware of any opinion, either in

Chapter 13 or in the FCRA arena, adopting the Resource Guide standard at issue here as a

national standard.  Similarly, it does not appear that the agency with administrative jurisdiction

over the interpretation and enforcement of FCRA, the Federal Trade Commission, has adopted

this standard as a national standard.

More telling, perhaps, is the Debtor's own expert witness testimony on the issue.  The

Debtor proffered Mr. Evan Hendricks as an expert on credit reporting issues.  The Court

qualified Mr. Hendricks as an expert in credit reporting, and the Court found Mr. Hendricks'

testimony to be credible and forthright.  However, when asked whether the Credit Resource

Reporting Guide had the force of law, Mr. Hendricks acknowledged that they were guidelines

only.  Transcript at 83.  Further, when the Court asked whether the standard in question was in

fact being employed by the majority of credit card issuers, and whether Capital One could be

seen as recalcitrant or an outlier in the industry, Mr. Hendricks candidly testified that it was a

"mixed bag" – some credit card issuers followed this standard, some didn't.  Transcript at 87.

With only one (unreported) decision employing this kind of a standard, no other decisions

adopting the Resource Guide as a national standard, no endorsement of this standard by the FTC,

and the Debtor's expert testimony stating that employment of the standard in the industry is a

"mixed bag," the Court is unable to conclude that the Resource Guide constitutes a national,

legally enforceable standard for the reporting of debts in a Chapter 13 case.

2.  *Is Capital One in Violation of the Confirmation Order?*

A violation of a Confirmation Order is an act of contempt, which may be remedied by the

Court pursuant to 11 U.S.C. § 105.  *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989).  In order to

be found in contempt of a Court order, the movant must show: "(1) the existence of a valid

decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree

was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of

the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that

the movant suffered harm as a result."  *United States v. Under Seal* (*In re Grand Jury Subpoena),*

597 F.3d 189, 202 (4th Cir. 2010) (quoting *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 301 (4th Cir.

2000)).  *See also Rountree v. Nunnery (In re Rountree),* 448 B.R. 389, 416-17 (Bankr. E.D. Va.

2011) (citing *JTH Tax, Inc. v. H&R Block E. Tax Services, Inc*., 359 F.3d 699, 705 (4th Cir.

2004)).

Capital One asserts that it did not have adequate notice of the entry of the Confirmation

Order, and that the Confirmation Order violated Bankruptcy Rule 2002(c)(3).  *See* 4 n.2.  The

Court agrees that Section 11(D) of the Amended Plan violated Bankruptcy Rule 2002(c)(3).

However, the Amended Plan has been confirmed, and the Confirmation Order is now *res*

*judicata.  United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S.Ct. 1367, 1380 (2010).

In *Espinosa*, the Court held that the Confirmation Order was *res judicata*, despite the fact that the

Debtor's plan purported to (and, as it turned out, did) discharge a student debt, in violation of

Bankruptcy Code Sections 523(a)(8) and 1328(a)(2).  So too here, the Confirmation Order is *res*

*judicata,* despite the apparent violation of Rule 2002(c)(3).

At this point, moreover, the issue of notice is really a red herring.  Capital One has been

on notice of the Debtor's claim of a violation of the Confirmation Order since the Motion was

6

filed on May 25, 2011.  If notice were the only issue, Capital One could have changed its

reporting of this debt a long time ago.  Rather, Capital One's real defense is that it is not in

violation of the Confirmation Order, and the Court agrees.

First, the provision of the Confirmation Order at issue provides that the creditors

"*should*" report the debts in a certain way, not that they *shall* report the debts in that way.  The

Court is unaware of any authority in which a party has been held in contempt of a Court Order

where the language is that the party "should" do something, as opposed to "shall."

Second, the Court finds that Section 11(D) is ambiguous.  Both the Debtor's reading and

Capital One's reading are equally plausible.  In the Debtor's view, Section 11(D) required

Capital One to report the current balance of the debt at "zero" immediately upon confirmation of

the Amended Plan.  Transcript at 117.  In Capital One's view, it was required to report the

original amount of the Claim, with subsequent deductions for the monthly payments made by the

Chapter 13 Trustee.  Interestingly, both the Debtor and Capital One rely on the same language of

Section 11(D) – "the claim *as altered by the confirmed plan*" - to support their respective

provisions.  Where the provision can be read plausibly either way, which is to say, is ambiguous,

the Court will not hold Capital One in contempt.  *See In re General Motors Corp.,* 61 F.3d 256,

258 (4th Cir. 1995) (holding that civil contempt is an appropriate sanction if the Court can point

to an order which "'sets forth in specific detail an unequivocal command' which a party has

violated") (citing *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)).  *See also Project*

*B.A.S.I.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if the putative

contemnor has violated an order that is clear and unambiguous.").

This conclusion is further reinforced by the fact that this plan is a "pot plan," in which

creditors are paid a *pro rata* amount of their claims, based on the Debtor's disposable income.

7

As originally contemplated, the Debtor's Amended Plan provided for an estimated zero payment to the unsecured creditors.  However, because the Debtor was able to refinance her home and had additional available income, the Chapter 13 Trustee later began to make payments to the creditors on a monthly basis.  How Capital One or the other creditors could *ever* know what they were going to receive in a pot plan, and to report to the CRA's accurately, is a mystery.

At bottom, the Debtor is seeking to have the Capital One debt reported as being discharged upon the confirmation of her Amended Plan, prior to her discharge.  This is inconsistent with the Code itself, which provides that the Debtor shall receive a discharge only upon completion of her plan payments (or a hardship discharge, not at issue here).  11 U.S.C. § 1328(a), (b).[3]  The Courts have held that the failure to correct the *pre-discharge* reporting of a debt on the debtor's credit report, without additional evidence of some coercive efforts to collect the debt (phone calls, letters, etc.), does not rise to the level of a discharge injunction violation for which the creditor may be held in contempt.  For example, in the case of *In re Dendy*, 396 B.R. 171, 182 (Bankr. D.S.C. 2008), the Court held: "The mere existence of a discharged debt on a debtor's credit report, when reported prior to the discharge injunction and not combined with evidence of actions by a creditor to collect the debt after the injunction arose, does not rise to the level of an action that violates the discharge injunction."  The Court in *Dendy* noted that this view "appears to represent the majority position where there is no other evidence of action or intent by the creditor to collect the debt."  *Id*.  The Debtor's position in this case, that the debt must be reported at a zero current balance prior to her Chapter 13 discharge, is at odds with the weight of authority.  For these reasons, the Debtor's Motion will be denied.

---

[3]   Capital One acknowledges that it will show the Current Balance at zero upon the Debtor's receipt of a discharge in this case.  Transcript at 101.

**Conclusion**

For the foregoing reasons, the Debtor's Motion for contempt sanctions will be denied.

An appropriate Order will issue, consistent with this Memorandum Opinion.


Dated: _____        _____
                                                         Brian F. Kenney
                                                         United States Bankruptcy Judge



Copies to:

Laura M. Jones
5356 Ravensworth Road
Springfield, VA   22151
Debtor

Robert R. Weed, Esq.
Law Offices of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA   20109
Counsel for the Debtor

Tara L. Elgie, Esq.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA   23219-4074
Counsel for Capital One Bank (USA), N.A.